UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROLDY FRANCOIS

v.                                                                                                  C.A. No. 10-395 S

UNITED STATES MARSHAL'S OFFICE, et al.

MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Roldy Francois ("Plaintiff"), *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 on or about September 24, 2010 (Docket # 1). Presently before the Court is Plaintiff's motion for the Court to appoint counsel to represent him in the instant civil action (Docket # 3).

In the appropriate case, the Court "may request an attorney to represent any person unable to afford counsel" in a civil action. 28 U.S.C. § 1915(e). However, there is no absolute constitutional right to a "free lawyer" in a civil case. *DesRosier v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *Id.* To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the Court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. *Id.* at 24.

Here, Plaintiff has not made an adequate showing that he is "unable to afford counsel" within the meaning of § 1915(e). Plaintiff filed with the instant motion was an affidavit stating that he is incarcerated, has no employment, and has no assets; however, Plaintiff has not submitted specific financial information regarding his inmate trust account, prompting the Court denied without prejudice his motion for leave to proceed *in forma pauperis* (Docket # 5). Further, Plaintiff recently paid the $350 filing fee for the instant action.

1

Additionally, I have reviewed Plaintiff's complaint and the motions that he has filed in this case. The issues presented in the complaint are not so complex that Plaintiff is unable to represent himself. Moreover, Plaintiff's filings to date demonstrate that he is able to present the facts and the issues himself. Accordingly, Plaintiff's motion to request the Court to appoint counsel is **DENIED**.

**IT IS SO ORDERED.**

_____
Jacob Hagopian
Senior United States Magistrate Judge
November 23, 2010